UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WILMER CHAVEZ ROMERO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Action No. 23-21625 (BRM)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Wilmer Chavez Romero's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1, "Motion".) Respondent filed a letter brief opposing Petitioner's § 2255 Motion, arguing the Motion is untimely. (ECF No. 3.) Petitioner did not file a reply. For the reasons set forth below, Petitioner's § 2255 Motion is **DISMISSED** as untimely and a certificate of appealability will not issue.

**I. BACKGROUND**

On October 21, 2016, the United States filed an Indictment against Petitioner charging him with racketeering and various related charges. (Crim. No. 16-495, ECF No. 1.) On May 1, 2018, Petitioner was charged by Superseding Indictment with: (1) racketeering, 18 U.S.C. § 1962(c), (Count One); (2) racketeering conspiracy, 18 U.S.C. § 1962(d), (Count Two); (3) assault with a dangerous weapon in aid of racketeering, 18 U.S.C. § 1959(a)(3) and 2, (Count Three); (4) murder in aid of racketeering, 18 U.S.C. § 1959(a)(1) and 2, (Counts Four and Five); (5) use and carrying a firearm during a crime of violence, 18 U.S.C. § 942(c), (Counts Six and Seven); and (6) conspiracy to commit alien harboring, 18 U.S.C. § 1324(a), (Count Eight). (*Id.*, ECF No. 22.) On June 26, 2018, a jury found Petitioner guilty on all counts. (*Id.*, ECF No. 39.) On March 27, 2019,

The Honorable William H. Walls, United States District Judge, District of New Jersey[1] sentenced Petitioner to a term of life plus 240-months' imprisonment. (*Id.*, ECF Nos. 52, 53.)

Petitioner appealed, and on July 9, 2020, the Third Circuit Court of Appeals affirmed Petitioner's judgment of conviction. (*Id.*, ECF No. 61.) Petitioner did not file a petition for certiorari with the United States Supreme Court.

Approximately two years later, on July 18, 2022, Petitioner filed a *pro se* letter in his criminal matter requesting an update regarding his appeal and indicating that he had not received an update from the Third Circuit or his defense counsel at the Federal Public Defender's Office. (*Id.*, ECF No. 63.) On December 15, 2022, Petitioner filed a letter request in his criminal matter, seeking permission to file a late § 2255 motion. (*Id.*, ECF No. 65.) Petitioner claimed that he first became aware of the Third Circuit's denial of his appeal after he filed his July 18, 2022, status update request. (*Id.*) Petitioner attached an October 14, 2022, letter from the Federal Public Defender's Office indicating that a copy of the Third Circuit's decision was attached and that the "opinion was sent to [Petitioner] previously." (*Id.*, ECF No. 65 at 5.)

On January 10, 2023, the Court issued an Order in response to Petitioner's letter request to file an untimely § 2255 motion. (*Id.*, ECF No. 66.) In the Order, the Court stated that Petitioner may file a § 2255 motion. However, the Court noted that it was "making no findings regarding the timeliness of any potential § 2255 motion or [Petitioner's] potential entitlement to equitable tolling." (*Id.*) The Court further informed Petitioner of the standard for equitable tolling and instructed that if Petitioner submitted a § 2255 motion, "he should provide all the facts and argument in support of equitable tolling that he wish[ed] the Court to consider." (*Id.*)

---

[1] Petitioner's criminal matter was reassigned to the undersigned on February 27, 2022. (Crim. No. 16-496, ECF No. 64.)

Approximately nine months later, in October 2023, Petitioner filed this § 2255 Motion.[2] (ECF No. 1.) Petitioner raises various claims of ineffective assistance of counsel and constitutional violations. (*See generally id.*) However, Petitioner fails to raise any equitable tolling arguments. (*Id.*)

On November 8, 2023, Respondent submitted a letter brief in opposition to the Motion. (ECF No. 3.) Respondent argues that the matter should be dismissed as time barred. (*Id.*) Petitioner did not file a reply. The matter is ripe for determination.

## II.  LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458–59 (D.N.J. 2003). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion

---

[2] The Court notes that Petitioner's § 2255 motion does not include a declaration that Petitioner understands that he must include in his motion all grounds for relief from the conviction or sentence that he is challenging and that if he fails to do so, he may be barred from presenting additional grounds at a later day. (*See* ECF No. 1.) As the Court finds Petitioner's § 2255 motion is time barred, Petitioner's failure to include this declaration in his Motion is harmless.

3

and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

### III. DECISION

#### A. Timeliness of Petitioner's § 2255 Motion

Petitioner's § 2255 Motion was not filed within the statute of limitations period set forth in 28 U.S.C. § 2255(f)(1). To bring a successful § 2255 motion, Petitioner must first show his claim is timely. Section 2255 provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Where a petitioner does not file a petition for certiorari review, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003); *see also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). "A defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari." *Kapral*, 166 F.3d at 570–71 (citing Supreme Court Rule 13).

Therefore, in this case, Petitioner's conviction became final at the latest on October 7, 2020, 90 days after the Third Circuit July 9, 2020 dismissal order. Petitioner had until October 7, 2021, to file a timely § 2255 motion. Petitioner's § 2255 motion was filed in October 2023, two years after the time for filing a timely § 2255 motion expired. Petitioner's § 2255 motion is time-barred.

B. Applicability of Equitable Tolling

Petitioner fails to make any equitable tolling argument in his Motion. However, in his December 15, 2022 letter request to file a late § 2255 motion, Petitioner claimed the Third Circuit and defense counsel failed to inform Petitioner of the Third Circuit's July 9, 2020, denial of his appeal. (Crim. No. 16-495, ECF No. 65.) Petitioner claimed he first became aware of the Third Circuit's denial of his appeal after he filed his July 18, 2022, status update request. (*Id.*) The Court will consider this argument as an argument for equitable tolling.

"[T]he AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998). Equitable tolling is a remedy which should be invoked "only sparingly." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008). At the same time, courts "should favor flexibility over adherence to mechanical rules," and each decision should be made on a "case-by-case basis." *Ross*, 712 F.3d at 799 (quoting *Holland v. Florida*, 560 U.S. 631, 650 (2010)).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498

5

U.S. at 96). Courts determine whether a petitioner has exercised reasonable diligence using a subjective test that "must be considered in light of the particular circumstances of the case." *Ross*, 712 F.3d at 799. "[T]here must be a causal connection, or nexus, between the extraordinary circumstances [the petitioner] faced and [his] failure to file a timely" § 2255 motion. *Id.* at 803.

First, the Court does not find that Petitioner acted with reasonable diligence when waiting over three years after the filing of his appeal to the Third Circuit before making any inquiry about the status of his appeal. *See United States v. Johnson*, 734 F. App'x 153, 158–59 (3d Cir. 2018) (finding petitioner had not acted with reasonable diligence when waiting ten months to inquire about the status of his appeal.) Petitioner made no effort to keep abreast of the status of his appeal during the two-year period from the July 2, 2020 denial of his appeal until the filing of his July 18, 2022 letter to the District Court requesting an update regarding his appeal. Nor does Petitioner claim that he made any effort to contact defense counsel regarding the status of his appeal between the filing of his appeal in April 2019 and his July 18, 2022 letter to the District Court. Petitioner does not argue that any circumstances prevented him from inquiring into the status of his appeal in a more timely and diligent manner. Once the Court permitted Petitioner to file the instant Motion in January 2023, Petitioner waited an additional nine-months to file the Motion. Additionally, although he was instructed to do so by the Court, Petitioner failed to make any equitable tolling arguments in his § 2255 motion. Petitioner's inaction for three years to inquire into the status of his appeal does not reflect the reasonable diligence necessary for equitable tolling.

Second, Petitioner has not demonstrated that "extraordinary circumstances" prevented timely filing of his Motion. *Pace*, 544 U.S. at 418. In his July 2022, letter to the Court, Petitioner claimed that defense counsel failed to inform him of the Third Circuit's denial of his appeal. The Third Circuit has held that "in non-capital cases, attorney error, miscalculation, inadequate

6

research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (citing *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003)). Instead, such errors constitute "a garden variety claim of excusable neglect," which does not warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651–52 (2010). A defendant is responsible for learning his obligations and meeting them, and courts have repeatedly held that ignorance of the law is not a basis for equitable tolling. *Ross*, 712 F.3d at 800.

The Third Circuit has held that an attorney's failure to timely notify a client of the disposition of an appeal is the sort of attorney error that does not rise to the level of an extraordinary circumstance. *LaCava*, 398 F.3d 276-77 (3d Cir. 2005); *see also Cristin v. Wolfe*, 168 F. App'x 508, 511 (3d Cir. 2006) (finding that counsel's alleged failure to inform the petitioner that he was no longer representing her and that he was not filing a petition for allowance of appeal did not justify equitable tolling). Any alleged failure of Petitioner's defense counsel to communicate the status of his appeal does not qualify as "extraordinary circumstances." *LaCava*, 398 F.3d at 276; *see*, *e.g.*, *Wright v. Collins*, No. 12-2414, 2014 WL 221954, at *4 (E.D. Pa. Jan. 21, 2014) ("Even fully crediting [petitioner's claims that his attorney failed to inform him of the status of his appeal and failed to notify him when his appeal and petition for Pennsylvania Supreme Court review were denied], these lapses constitute ordinary neglect, not an extraordinary circumstance justifying equitable tolling.")

Accordingly, there is no basis to invoke equitable tolling and Petitioner's § 2255 Motion is dismissed as time-barred pursuant to § 2255(f).

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

## V. CONCLUSION

For the reasons stated above, Petitioner's § 2255 Motion (ECF No. 1) is **DISMISSED with prejudice** as time barred and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

Dated: March 3, 2025

/s/Brian R. Martinotti
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE